# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 12-180V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| AMANDA STROUT, as mother and next friend of RIANA L. INMAN, | * * * | |
| | * | Filed: September 15, 2014 |
| Petitioner, | * * | Decision Awarding Damages based |
| v. | * * | on Stipulation; Measles, Mumps, and rubella ("MMR"); hemophilus |
| | * | influenza ("Hib"), and varicella |
| SECRETARY OF HEALTH AND | * | vaccines; chronic inflammatory |
| HUMAN SERVICES, | * | demyelinating polyneuropathy |
| | * | ("CIDP"), Guillain-Barré |
| Respondent. | * | syndrome ("GBS") |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Randall Elbert Smith*, Smith, Elliott, Smith and Garmey, Saco, ME, for Petitioner.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On March 19, 2012, Amanda Strout filed a petition on behalf of her daughter, Riana L. Inman, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that Riana suffered chronic inflammatory

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

demyelinating polyneuropathy ("CIDP") and/or Guillain-Barré syndrome ("GBS") and related complications as a result of receiving the measles, mumps, and rubella ("MMR"), hemophilus influenza ("Hib"), and varicella vaccines.

Respondent denies that Petitioner's CIDP and/or GBS and any related medical problems were caused by the receipt of the MMR, Hib, or varicella vaccines. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed September 12, 2014 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

> A lump sum of $2,000.00, in the form of a check payable to Petitioner.
>
> A lump sum of $75,000.00, representing satisfaction of a Medicaid lien, in the form of a check payable to:
>
>> Treasurer, State of Maine
>> C/O Cindy Boucher, Reimbursement Specialist Third Party Liability, DHHS/OMS
>> 11 State House Station
>> Augusto Station, ME 04333-0011
>
> These amounts represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).
>
> An amount sufficient to purchase am annuity contract as described in ¶ 10 of the attached stipulation.

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by both (either separately or jointly) filing a notice renouncing their right to seek review.

**IT IS SO ORDERED.**

                                                                             /s/ Brian H. Corcoran
                                                                                     Brian H. Corcoran
                                                                                     Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

AMANDA STROUT, as mother and next )
friend of RIANA L. INMAN, )
 )
        Petitioner, )
v. ) No. 12-180V
 ) SPECIAL MASTER CORCORAN
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
 )
        Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, Riana Inman ("Riana"), petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Riana's receipt of the measles, mumps, and rubella ("MMR"), hemophilus influenza ("Hib"), and varicella vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3 (a).

2. Riana received her MMR, Hib, and varicella immunizations on June 25, 2009.

3. The vaccines were administered within the United States.

4. Petitioner alleges that Riana developed chronic inflammatory demyelinating polyneuropathy ("CIDP") and/or Guillain-Barré syndrome ("GBS") that was caused-in-fact by her MMR, Hib, and/or varicella vaccines, and that she experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Riana as a result of her condition.

6. Respondent denies that Riana's CIDP and/or GBS, or any other condition, was caused-in-fact by her MMR, Hib, and/or varicella vaccines.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. §300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $2,000.00 in the form of a check payable to petitioner;

   b. A lump sum of $75,000.00, which represents satisfaction of a Medicaid lien, in the form of a check payable to:

      Treasurer, State of Maine
      C/O Cindy Boucher, Reimbursement Specialist
      Third Party Liability, DHHS/OMS
      11 State House Station
      Augusta Station, ME 04333-0011.

   Petitioner agrees to endorse this payment to the Treasurer, State of Maine; and

   c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of Riana, pursuant to which the Life Insurance Company will agree to make payments periodically to Riana as follows:

$2,110.00 per month for 10 years certain only, beginning on June 17, 2026. The certain payments provided in this paragraph 10 shall be made as set forth above. Should Riana predecease the exhaustion of the certain payments during the certain period specified above, any remaining certain payments shall be made to her estate. However, written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of Riana's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the

future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of Riana as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of Riana, on behalf of herself, Riana, and her

heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Riana resulting from, or alleged to have resulted from, the MMR, Hib, and/or varicella vaccinations administered on June 25, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about March 19, 2012, in the United States Court of Federal Claims as petition No. 12-180V.

17. If Riana should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Riana's CIDP and/or GBS, or any other condition, was caused-in-fact by her MMR, Hib, and/or varicella vaccines.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of Riana L. Inman.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*[signature]*
AMANDA STROUT

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*
RANDALL E. SMITH
Smith & Elliott, P.A.
199 Main Street
P.O. Box 1179
Saco, ME 04072

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
(207) 282-1527
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Acting Director, Division of
Vaccine Injury Compensation
Acting Director, Countermeasures Injury
Compensation Program
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

9/12/14

7